# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-275-FDW

| | |
|---|---|
| BRANDON MICHAEL PICKENS, | )<br>)|
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| ROBERT C. LEWIS, et al., | )  **ORDER**<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on a Motion to Dismiss by Donna L. Woodruff, (Doc. No. 29).

## I.     BACKGROUND

Pro se Plaintiff Brandon Michael Pickens is a North Carolina inmate, currently incarcerated at Catawba Correctional Center in Newton, North Carolina. Plaintiff filed this action on December 9, 2015, pursuant to 42 U.S.C. § 1983, against numerous defendants for deliberate indifference to serious medical needs while Plaintiff was incarcerated at Mountain View Correctional Institution ("MVCI"). On February 1, 2016, following an initial review, this Court ordered Plaintiff to file an amended complaint, specifying his factual allegations as to each named Defendant. (Doc. No. 8). The Court also dismissed Plaintiff's claims against several of the named Defendants. On February 18, 2016, Plaintiff filed an Amended Complaint, naming various Defendants, including movant Donna Woodruff.

In his Amended Complaint, Plaintiff contends that Defendants were deliberately indifferent to his serious medical needs based on Defendants' failure to address and treat appropriately Plaintiff's mental health issues and his dental problems while he was incarcerated

1

at MVCI from August 2012 to December 2012. Plaintiff's allegations against movant Dr. Woodruff (Assistant Dental Director in the North Carolina Department of Public Safety, Division of Adult Correction and Juvenile Justice) and Dr. Rickman (a dentist who provides dental treatment to inmates at MVCI), arise out of dental care Plaintiff received while housed at MVCI between August and December, 2012. In essence, Plaintiff contends that Drs. Woodruff and Rickman violated his civil rights by allegedly being deliberately indifferent to Plaintiff's serious dental needs. See (Doc. No. 9 at ¶¶ 6, 50, 73 (as to Dr. Woodruff) and ¶¶ 8, 73 (as to Dr. Rickman). Specifically, Plaintiff alleges that while he was incarcerated at MVCI, he submitted multiple sick call requests in an attempt to have two of his teeth treated with dental fillings, but that the dental staff at MVCI, which included Dr. Rickman, placed him on the facility's waiting list rather than scheduling him for immediate treatment. (Id. at ¶¶ 17, 20, 27, 29, 40, 42, 48). Plaintiff's sole allegations against movant Dr. Woodruff arise out of her response to a letter Plaintiff had sent to the Director of Prisons concerning his dental care at MVCI. Specifically, the only factual allegation of indifference as to Dr. Woodruff is in paragraph 50 of Plaintiff's Amended Complaint:

> On 11/28/2012, I received two correspondences from the Department of Public Safety. The first one was from Donna L. Woodruff and was in reference to a letter addressed to the Director of Prisons that was dated 11/7/2012, and concerned issues in which I raised that related to my lack of dental care at MVCI. (See Exhibit FF). Woodruff's response simply advised me that I was on the waiting list for fillings and further advised me to cooperate with MVCI's dental staff and recognize they are meeting the needs of many patients. (See Exhibit FF). A copy of Woodruff's response was sent to both Dr. J. Rickman and the superintendent of MVCI. (See Exhibit FF). However, neither of the defendants met my dental care needs nor did I receive my fillings. The second letter was from R. Beddingfield and was in reference to a letter addressed Jennie Lancaster, Secretary of Corrections, that was dated 11/12/2012, and addressed numerous problems. (See Exhibit GG). Beddingfield advised me that my letter was forwarded to Ms. White for review and disposition. (See Exhibit GG).

(Id. at ¶ 50). In Dr. Woodruff's letter in response to Plaintiff, dated November 28, 2012, Dr.

Woodruff reminded Plaintiff that the dental staff at MVCI had placed him on the dental clinic's waiting list for fillings; advised Plaintiff that the dental staff at MVCI would complete his dental treatment as soon as possible; and encouraged Plaintiff to cooperate with the dental staff at MVCI and recognize that the staff was serving the needs of many patients.  See (Doc. No. 9-32 at 1).  Plaintiff does not allege that Dr. Woodruff was involved with his dental care at any time after corresponding with him on November 28, 2012.

On September 28, 2016, Defendant Woodruff filed the pending motion to dismiss, arguing that Plaintiff's claim of deliberate indifference against her should be dismissed as barred by the applicable statute of limitations.  (Doc. No. 29).  On October 4, 2016, the Court entered an order granting Plaintiff fourteen days in which to file a response to the motion to dismiss.  (Doc. No. 31).  Plaintiff responded to the motion to dismiss on October 13, 2016, and Defendant filed a Reply on October 18, 2016.  This matter is therefore ripe for disposition.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party.  Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010).  To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully."  Id.  A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'"  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. 662 at 678).

3

**III. DISCUSSION**

Defendant Woodruff contends that Plaintiff's claims against her are barred by the applicable statute of limitations. The Court agrees. Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the personal injury statute of limitations from the relevant state. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)); see also Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991). In North Carolina, the statute of limitations for personal injuries is three years. See N.C. GEN. STAT. § 1-52(16). Although the statutory limitations period for Section 1983 actions is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action"). It is well settled that a defendant may raise the statute of limitations as a bar to a plaintiff's complaint by way of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, if the time bar is apparent on the face of the Complaint. See, e.g., Dean v. Program's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168 (3d Cir. 1978).

As noted above, the only allegation of indifference that Plaintiff makes against Dr. Woodruff in his Amended Complaint is that she wrote him a letter, that he acknowledges

receiving on November 28, 2012, in response to a letter he had written to the Director of the Department of Corrections regarding his dental care at MVCI.  See (Doc. No. 9 at ¶ 50 and Exhibit FF).  Plaintiff does not allege that Dr. Woodruff played any further role in, or had any further involvement with, his dental care at MVCI after writing her letter of November 28, 2012.  Dr. Woodruff's alleged (but denied) indifference to Plaintiff's dental needs was, therefore, complete and Plaintiff's purported cause of action against Dr. Woodruff accrued on November 28, 2012.  See, e.g., Baker v. Board of Regents, 991 F.2d 628 (10th Cir. 1993) (civil rights action accrues when plaintiff knows or has reason to know of injury that is basis of action).  Plaintiff, therefore, had three years—until November 28, 2015—in which to file suit against Dr. Woodruff.

Pursuant to the "prison mailbox rule" established in Houston v. Lack, 487 US 266 (1988), Plaintiff's original Complaint is deemed to have been filed with this Court on the date that he delivered the same to prison authorities for forwarding and filing.  See also Wilder v. Chairman of the Cent. Classification Bd., 926 F.2d 367 (4th Cir. 1991).  Plaintiff signed and verified his original Complaint on December 2, 2015, which would have been the earliest date upon which he could have delivered it to prison authorities for forwarding to this Court.  Therefore, plaintiff's original Complaint is deemed to have been filed with this Court no earlier than December 2, 2015.[1]  See (Doc. No. 1).  Plaintiff's original Complaint, which is deemed to have been filed no earlier than December 2, 2015, is therefore untimely as to Dr. Woodruff.

In his response brief, Plaintiff argues that his deliberate indifference cause of action against Dr. Woodruff did not accrue, and thus the three-year statute of limitations did not begin

---

[1] For the purposes of Dr. Woodruff's Motion to Dismiss, Plaintiff's Amended Complaint relates back to the date of plaintiff's original Complaint under Rule 15(c) of the Federal Rules of Civil Procedure.

running, until Plaintiff became aware of the full extent of his alleged injuries, which he alleges occurred no earlier than May 13, 2013, when dental staff advised him that his teeth had to be extracted because they were beyond repair and could not be fixed with a fillings procedure. (Doc. No. 34 at 2). Plaintiff's argument is, however, erroneous, as Plaintiff cites no authority to support his position that his claim did not accrue until Plaintiff became aware of the full extent of the harm allegedly caused by Dr. Woodruff's alleged indifference. Plaintiff's Complaint shows on its face that Plaintiff was aware of his alleged injury and harm, as well as Dr. Woodruff's alleged indifference, more than three years before filing this action, even if Plaintiff was not aware of the full extent of his alleged injury at that time. Accord Brown v. Reese, No. 1:05cv29, 2006 WL 6093880, at **2-3 (E.D. Va. Sept. 5, 2006) (rejecting the plaintiff's argument that her claim did not accrue until her cervical cancer was finally treated and she discovered the full extent of her injuries, finding that the plaintiff's "cause of action accrued when defendants denied her medical treatment which in turn allowed the cancer to progress"), aff'd, Brown v. Brenda, 223 Fed. App'x 221 (4th Cir. 2007). In short, Plaintiff possessed sufficient alleged facts about the harm allegedly done to him by Defendant Woodruff more than three years before filing this action. Specifically, Plaintiff alleges in his Amended Complaint that the alleged delay in providing him with dental treatment at MVCI was causing him excruciating and unnecessary pain beginning on November 12, 2012. See (Doc. No. 9 at ¶¶ 42, 73). Moreover, due to his concerns about the alleged delay in receiving dental treatment while at MVCI, and the harm that such delay was allegedly causing, Plaintiff filed a grievance on October 8, 2012. (Doc. No. 35 at 6: Ex A to Reply Brief). In that grievance, which Plaintiff submitted more than three years before filing this action, Plaintiff alleges: "To this day, I am still awaiting my appointment to receive fillings and the delay of this by medical is detrimental to my

6

dental health." (Id.). Plaintiff was, furthermore, so concerned about the alleged delay in receiving his dental treatment, that he submitted a letter to the Director of the Department of Corrections on November 4, 2012, to which Dr. Woodruff responded by the letter of November 28, 2012. See (Doc. No. 9 at ¶¶ 38, 50).

In sum, since Plaintiff possessed sufficient facts no later than November 28, 2012, regarding the harm allegedly done to him by Dr. Woodruff, his cause of action against Dr. Woodruff accrued no later than November 28, 2012. Thus, Plaintiff's action, which is deemed to have been filed no earlier than December 2, 2015, is untimely as to Dr. Woodruff. Therefore, Plaintiff's claim against to Dr. Woodruff is barred by the applicable three-year statute of limitations, and the Court will grant Dr. Woodruff's motion to dismiss Plaintiff's claim against her.

**IV.     CONCLUSION**

For the reasons stated herein, the Court will grant Defendant's motion to dismiss and dismiss Defendant Woodruff from this action.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 29), is **GRANTED**, and Defendant Woodruff is dismissed from this action.

Signed: February 21, 2017

Frank D. Whitney
Chief United States District Judge