# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-275-FDW

| | |
|---|---|
| BRANDON MICHAEL PICKENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROBERT LEWIS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on periodic status review.

Pro se Plaintiff Brandon Pickens is a prisoner of the State of North Carolina, currently incarcerated at Pender Correctional Institution in Burgaw, North Carolina. Plaintiff filed this action on December 9, 2015, pursuant to 42 U.S.C. § 1983, bringing claims against numerous Defendants. All Defendants except for Defendants John S. Carbone and Jennie Lancaster have either been dismissed or have been served and have appeared in this matter. On September 20, 2016, the U.S. Marshal returned unexecuted summons forms for Defendants John S. Carbone and Jennie Lancaster, noting that these Defendants are no longer employed with the North Carolina Department of Public Safety. See (Doc. Nos. 25, 26).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995).

1

Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendants John S. Carbone and Jennie Lancaster.

**IT IS THEREFORE ORDERED THAT**:

(1) Within 30 days of this Order, the U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants John S. Carbone and Jennie Lancaster and in accordance with Fed. R. Civ. P. 4. If the U.S. Marshal is unable to locate and obtain and service on these Defendants within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve these Defendants.

(2) The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: February 28, 2017

Frank D. Whitney
Chief United States District Judge