UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-275-FDW

| | | |
|---|---|---|
| BRANDON MICHAEL PICKENS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| ROBERT LEWIS, et al., | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the following motions by Plaintiff: (1) Plaintiff's Motion for Reconsideration re Order Granting Defendant Woodruff's Motion to Dismiss, (Doc. No. 44); (2) Plaintiff's Motion to Appoint Counsel, (Doc. No. 57); and (3) Plaintiff's Motion to Amend/Correct Pretrial Order and Case Management Plan, (Doc. No. 58).

Pro se Plaintiff Brandon Michael Pickins, a North Carolina state inmate currently incarcerated at Craggy Correctional Institution, filed this action on December 9, 2015, pursuant to 42 U.S.C. § 1983, against numerous defendants for deliberate indifference to serious medical needs while Plaintiff was incarcerated at Mountain View Correctional Institution ("MVCI"). On July 18, 2016, after allowing Plaintiff to amend his Complaint to cure defects, this Court found that the allegations in Plaintiff's Amended Complaint survived initial review. (Doc. No. 12). On February 22, 2017, the Court granted a motion to dismiss by Defendant Donna Woodruff on the ground that Plaintiff's claim against Woodruff is barred by the applicable statute of limitations. (Doc. No. 40).

On February 28, 2017, the Court entered a scheduling order, setting the deadline for

1

discovery as June 28, 2017. (Doc. No. 35). Pending before the Court are the following three motions filed by Plaintiff, which the Court addresses in turn.

(1) Plaintiff's Motion for Reconsideration re Order Granting Defendant Woodruff's Motion to Dismiss, (Doc. No. 44)

First, Plaintiff has filed a motion for reconsideration of the Court's dismissal of Plaintiff's claim against Defendant Woodruff on the ground that Plaintiff's deliberate indifference claim against Woodruff is barred by the applicable three-year statute of limitations. In his motion for reconsideration, Plaintiff asserts the same argument he set forth in his response to Defendant Woodruff's motion to dismiss. Plaintiff argues once again that his deliberate indifference cause of action against Defendant Woodruff under 42 U.S.C. § 1983 did not accrue, and therefore the three-year statute of limitations did not begin running, until Plaintiff became of aware of the full extent of his alleged injuries, which he alleges occurred no earlier than May 13, 2013. As before, Plaintiff cites no authority to support his erroneous contention and ignores well-settled case law regarding when an action accrues for purposes of the applicable statute of limitations. Therefore, for the reasons stated in the Court's prior order granting Defendant Woodruff's motion to dismiss, Plaintiff's motion for reconsideration is denied.

(2) Plaintiff's Motion to Appoint Counsel, (Doc. No. 57)

Next, in support of his motion to appoint counsel, Plaintiff states that he cannot afford counsel; his imprisonment will greatly limit his ability to litigate the issues; the issues are complex; he has no access to a law library and limited knowledge of the law; he has made repeated attempts to obtain a lawyer to no avail; and a trial would involve conflicting testimony. There is no absolute right to the appointment of counsel in civil actions such as this one.

Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

      (3) Plaintiff's Motion to Amend/Correct Pretrial Order and Case Management Plan, (Doc. No. 58).

Next, in his motion to Amend/Correct Pretrial Order and Case Management Plan, Plaintiff states that he seeks to submit up to 25 interrogatories to each Defendant, rather than 20 interrogatories as specified in the Court's Scheduling Order. The Court finds that Plaintiff's interrogatories shall be limited to 20 interrogatories for each Defendant. Contrary to Plaintiff's contention, he is not "entitled" to 25 interrogatories under Rule 33 of the Federal Rules of Civil Procedure. Rather, Rule 33 states that a party is entitled to serve on any other party no more than 25 interrogatories "[u]nless otherwise stipulated or ordered by the court." FED. R. CIV. P. 33.

Plaintiff also seeks to "be allowed to obtain expert testimony." Plaintiff is free to obtain his own expert to provide testimony at his own expense, but Plaintiff is not entitled to hire an expert at the expense of the government. The in forma pauperis statute, 28 U.S.C. § 1915, does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants. Ordinarily, the plaintiff must bear the costs of his litigation, including expert expenses, even in pro se cases. See Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995); Malik v. Lavalley, 994 F.2d 90 (2d Cir.1993); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (inmate's dilemma in being unable to proceed with suit because of inability to pay for

expert witness was no different than that of non-prisoner claimants who face similar problems; to authorize government funding for such fees would, in effect, be granting inmates better treatment than fellow citizens who are not incarcerated).

Plaintiff also seeks to be allowed to take six depositions for each non-expert witness. This Court prefers that pro se prisoner plaintiffs use interrogatories and discovery requests, rather than depositions, in obtaining discovery from other parties, due to safety concerns for the North Carolina Department of Public Safety. Furthermore, Plaintiff has not shown that he can afford to pay for the costs of a court reporter or witness fees, as he is required to do despite the fact that he is proceeding in forma pauperis. See U.S. Marshals v. Means, 741 F.2d 1053, 1057 (8th Cir.1984). For these reasons, Plaintiff's request to take six depositions for each non-expert witness is denied.

Finally, Plaintiff states that he "deserve[s] production of documents." As to Plaintiff's request to obtain discovery from Defendants in the form of production of various documents, as the Court's Scheduling Order directs, Plaintiff must seek discovery from Defendants directly, rather than filing requests for discovery with the Court. If Defendants do not comply with Plaintiff's discovery requests, he may file a motion to compel, after conferring or attempting to confer in good faith with Defendants in an attempt to resolve his discovery dispute. See Local Rule 7.1(b).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 44), and Plaintiff's Motion to Appoint Counsel, (Doc. No. 57), are **DENIED**. Plaintiff's Motion to Amend/Correction Pretrial Order and Case Management Plan, (Doc. No. 58) is **DENIED** in part and **GRANTED** in part in accordance with this order.

Signed: May 18, 2017

_____
Frank D. Whitney
Chief United States District Judge